UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:22-CR-119-TAV-JEM |
| | ) | |
| WESTLEY AN'JUAN EDWARD MOORE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on the matter of Defendant Westley An'juan Edward Moore's Motion for Counsel to be Relieved and to Appointment [sic] Alternate Counsel to Serve [Doc. 23]. The parties appeared before the Court for a hearing on the motion on February 16, 2023. Assistant United States Attorney Suzanne Sullivan appeared on behalf of the Government. CJA Panel Attorney Christopher M. Rogers appeared on behalf of Defendant, who was also present. CJA Panel Attorney Laura Davis was also present at the Court's request.

In the motion [Doc. 23], Attorney Rogers requests that he be relieved as counsel for Defendant Moore and that the Court appoint substitute counsel because a conflict of interest was discovered during the investigation of this case.

At the motion hearing, the Court inquired as to the Government's position on the motion. AUSA Sullivan stated the Government took no position on the motion. At that point, the Court conducted a sealed, *ex parte* hearing to learn the nature and extent of the problems with the attorney-client relationship. Without going into the confidential nature of that proceeding, the Court finds that, based upon the representations of Attorney Rogers, it appears an actual conflict has arisen in his continued representation of Defendant Moore. Accordingly, the Court finds that good cause exists to grant the request for substitution of counsel. *See Matthews v. Davids*, No. 20-

2216, 2021 WL 3817697, at *4 (6th Cir. July 8, 2021) ("An indigent defendant 'must show good cause such as a conflict of interest, a complete breakdown in communication or an irreconcilable conflict with his attorney in order to warrant substitution' of counsel." (quoting *Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985)).

The Motion for Counsel to be Relieved and to Appointment [sic] Alternate Counsel to Serve [**Doc. 23**] is **GRANTED** and Attorney Christopher M. Rogers is **RELIEVED** as counsel of record for Defendant Moore. Attorney Laura Davis agreed to accept representation of Defendant Moore at the hearing. The Court **SUBSTITUTES and APPOINTS** Attorney Davis under the Criminal Justice Act, 18 U.S.C. § 3006A, as counsel of record for Defendant Moore. The Court **DIRECTS** Attorney Rogers to provide the discovery and information from Defendant Moore's file to Attorney Davis. Accordingly, the Court **ORDERS**:

(1) The Motion for Counsel to be Relieved and to Appointment [sic] Alternate Counsel to Serve [**Doc. 23**] is **GRANTED**;

(2) Attorney Christopher M. Rogers is **RELIEVED** of further representation of Defendant Moore and **DIRECTED** to provide the discovery and information from Defendant's file to new counsel as soon as possible; and

(3) Attorney Laura Davis is **SUBSTITUTED** and **APPOINTED** as counsel of record for Defendant Moore.

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge